## AMZI F. JACKSON ET AL.

### v.

## WILLIAM RICKARD.

JURISDICTION.—In a direct proceeding, where the record failed to show that the plaintiffs in error were parties to the suit, or that they had any notice of the filing of the petition on which the order complained of against them was made, or that any appearance was entered for them, and there were no findings that the court had jurisdiction of the plaintiffs in error, *held*, that the court had no jurisdiction of plaintiffs in error.

ERROR to the Circuit Court of La Salle county; the Hon. GEORGE W. STIPP, Judge, presiding. Opinion filed June 8, 1886.

Thomas Ryburn and Daniel E. Smith were partners in trade in the buying and selling of grain at Marseilles under firm name of Thomas Ryburn & Co., and in the course of their business they became the owners of certain property in that town known as the "Warehouse Property," and the "Agricultural Works property." Thomas Ryburn died June 28, 1877, leaving the defendants in the original bill as his only heirs at law. Smith, the surviving partner, continued the business until the 19th of December, 1878, when he died, leaving a number of children as his heirs at law. On the 13th day of January, 1879, the heirs of Smith filed this bill against the heirs of Ryburn for the purpose of securing a settlement of the partnership business, and a distribution of the partnership assets on the 23d day of June, 1879. After the Ryburn heirs had filed their answers to the bill all of the adult heirs and the administrator of the Ryburn estate, and the administratrix of the Smith estate, united in a contract of sale with Amzi F. Jackson, one of the plaintiffs in error, for the sale of the real estate of the copartnership; subsequently an amended and supplemental bill was filed, making William Rickard and I. N. Ash & Co. parties defendant, all of whom answered, and Rickard filed a cross-bill. Final decree was entered on

the 21st day of February, 1880, which decree directed a sale of the copartnership property by the master in chancery.

Under this decree a sale was made, and the agricultural works and the warehouse block were purchased by William Rickard. Immediately after the sale Rickard filed a petition in the cause setting up the making of the contract between Amzi F. Jackson, one of the plaintiffs in error, and the heirs of Ryburn and his administrator, and the Smith heirs and his administrators, and that subsequent to the making of the said agreement there had been removed from said agricultural works · property certain machinery, and that all of said machinery belonged to and was a part of the property called and described as the agricultural works property, ordered to be sold by the decree. He further claims in his petition that by reason of his purchase of the property he became entitled to it as it was at the time of the filing of the bill, and that the making of the agreement between Amzi F. Jackson, one of the plaintiffs in error, and the Smith and Ryburn heirs, was invalid and could not affect his rights. He prayed that an order be made requiring the parties to restore the machinery that had been taken from the agricultural works. On the 26th day of May, 1880, an order was entered by the court approving the master's report of sale, which order contained the following: That the said Amzi F. Jackson and the said Marseilles Manufacturing Company, or such other parties as may now be in possession of said machinery, be, and they and each of them are hereby required to replace said machinery on said agricultural works property in the position in which the same was prior to its removal, for the benefit of said William Rickard, under his said purchase ; and if they fail so to do on demand of said Rickard, and after service of a certified copy of this order, then, in such case, on application of said Rickard this court will order an attachment to issue against said parties for contempt of court.

The errors assigned :

1. The court below erred in entering an order in said cause that said Amzi F. Jackson and the Marseilles Manufacturing Company replace the machinery in said order mentioned, to-wit, said order of May 26, 1880.

2. The court below erred in entering the order of May 26, 1880, in manner and form as the same was entered.

Mr. H. T. GILBERT, for plaintiffs in error.

Mr. D. B. SNOW, for defendant in error.

WELCH, J. It is true, as said by Chief Justice Scott in Turner et al. v. Jenkins, 77 Ill. 231, that "every presumption will be indulged in favor of the jurisdiction of a court of general jurisdiction;" and its findings in its decree defendants " were duly summoned, will be held to be *prima facie* evidence of the existence of that jurisdictional fact." No such fact is found in this case. As to the plaintiffs in error, the record fails to show that they were parties to the suit, or that they had any notice of the filing of the petition on which the order complained of against them was made, or that any appearance was entered for them. This being a direct proceeding, and no findings that the court had jurisdiction of the plaintiffs in error, no presumptions in favor of its jurisdiction can be indulged. We hold that the court had no jurisdiction of the plaintiffs in error, and that the order made against them is void. The errors are well assigned. Cause reversed and remanded.

Reversed and remanded.